LOURIE, Circuit Judge,
dissenting:.
I respectfully dissent. While the opinion of the Patent Trial and Appeal Board (“the Board”) was not without flaw, its conclusion that the claims of U.S. Patent Application 12/456,567 (“the ’567 application”), particularly claim 1, were obvious, was not erroneous.
*1349 Claim 1 is directed to a composition comprising water and four other components described in broad terms. A particular cloud point is not one of those components. The primary reference relied on by the Board, U.S. Pub. 2003/0087764, entitled “Stable Liquid Pesticide Compositions” (“Pallas”), disclosed compositions composed of the same-components as claim 1, described in similarly broad terms.
The majority focuses its decision on the 70°C cloud point and points to the failure of examples in Pallas to recite a cloud point above at least 70°C. But a 70°C cloud point is not a component of this composition claim; it is a result,' or a property. While no composition in-Pallas is described as possessing a 70°C cloud point, there is nothing in the record indicating that all compositions satisfying the component limitations of claim 1 of the ’567 application achieve that result either. Indeed, the reported examples in the application include compositions that contained the components of claim 1, but had cloud points below 70°C, J.A. 42 (Example 20), or for which the cloud point was not determined, id. (Examples 5-9, 21-25); J.A. 43 (Examples 26-37, 50). Thus, I believe the Board was correct in holding that the broad claims of the application claim an invention that was obvious over the similarly broad disclosure of Pallas.
In fact, Pallas almost anticipates claim'1. Each broad component limitation of claim 1 is met by a, similar disclosure in Pallas. Compare J.A. 695 (claim 1), with J.A. 733 (“glyphosate potassium salt”), J.A. 754 (“Some preferred cationic surfactants include alkylamine ethoxylates (including etheramines and diamines) such as tallo-wamine ethoxylate ...; and amine oxides. ...”), and J.A. 758 (“Nonlimiting examples of water soluble solvents include acetates, cl-6 alkanols, cl-6 dials, cl-6 al-kyl ethers of alkylene glycols and polyalky-lene glycols, and mixtures thereof.”). Pal-las also teaches that “[ijdeally the cloud point should be 60°C. or more.... ” J.A. 735 (emphasis added).
The situation would be different if the claim at issue narrowly defined each of the components of the composition. In that case it could be argued that the achievement of a 70°C cloud point was a special goal of the invention, which made its achievement' nonobvious and important, where the claim recited a specific composition having a unique or surprising result. No such situation appears before us.
Claiming the 70°C or more cloud point result seems to be just a means of distinguishing this composition claim from the prior art. But discovery of a new property or result does not make a claim to what is essentially disclosed by the prior art non-obvious. These are not narrowly drawn claims to,.for example, a method of achieving a 70°C or more cloud point by means of specifically defined materials. These are shotgun claims argued to be patentable by a property or result that only some of the broadly disclosed compositions have been shown to possess. See J.A. 42-43 (reporting cloud points above 70°C for only half of the tested examples).
Moreover, the majority focuses on the lack of a reasonable expectation of success in making any modification to Pallas to achieve the invention of claim 1, including the 70°C or more cloud point result. Even if reasonable expectation of success is a proper test in such a situation, what is the success for which there must, be a reasonable expectation? Where, as here, th¿re is a single prior art reference, there does not need to be a finding of reasonable expectation of success for those skilled in a particular art to make conventional modifications to the prior art and look for improvements in some parameter. See In re Ethicon, Inc., 844 F.3d 1344, 1351 (Fed. Cir. 2017) (“The normal desire of artisans to improve *1350 upon what is already generally known can provide the motivation to optimize variables such as the percentage of a known polymer for use in a known device.”)- Such improvements may be nonobvious and patentable, but they must be claimed as such, constrained by what it takes to achieve that unexpected and desirable result. But that is not the situation here.
While the majority faults the Board for not explaining itself adequately, based on reasoning with which I do not disagree, the rejection of the claims based on a reference we can plainly see, and which nearly anticipates the claims, does not in my view justify overturning the Board.
I therefore would affirm the Board’s determination that claims 1-31 would have been obvious over Pallas. Stepan’did not argue the dependent claims, except for claims 26 and 27, separately. Claims 26 and 27 have a separate ground of rejection, which I would also have affirmed.